IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JIMMY LEE CLAYPOOL | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:19-CV-867-RP |
| | § | |
| STEADFAST INSURANCE COMPANY | § | |
|     Defendant. | § | |

## COMPLAINT

This action was removed from the Travis County District Court by Defendant Steadfast Insurance Company. Jimmy Lee Claypool files this complaint in order to comply with the more detailed requirements of Fed. R. Civ. Proc. 8. He states as follows:

## PARTIES

1. **Plaintiff.** Plaintiff, Jimmy Lee Claypool, is an individual residing in Williamson County, Texas.

2. **Defendant.** Defendant Steadfast Insurance Company is a surplus lines insurance company domiciled in Illinois and licensed to do business in Texas.

## JURISDICITION AND VENUE

3. **Jurisdiction.** Defendant removed this case from state court alleging diversity of citizenship. Plaintiff has not contested the removal.

4. **Venue.** Venue is proper in this District and Division pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events giving rise to this claim occurred in Travis County, Texas.

## FACTS UNDERLYING CLAIM

5. **The Policy:** Plaintiff was an insured under a business auto policy issued by Defendant to Lyft, Inc. (policy # BAP 4281401-00). The policy issued by Defendant described above included a Texas Uninsured Motorist endorsement (CA 21 09 10 13). That policy was in effect on the date the collision described below occurred. This endorsement provided Defendant would pay all sums which Plaintiff was legally entitled to recover from an underinsured motorist that were in excess of the underinsured motorist's liability limits. In relevant part, the policy states:

> *"Description of Covered Auto Designation Symbols*
>
> *10 =   **Passenger Mode** (1) Any "auto" of the private passenger type while being used for "ride-sharing activities" enabled by your "digital transportation network", but only between the time identified in (a) and the time identified in (b).*
>
>> *(a) When the operator has accepted a "ride-sharing" request in your "digital transportation network"; and*
>>
>> *(b) When the last "ride-sharing" passenger(s) have alighted from the "auto" at the destination identified in your "digital transportation network" or your "digital transportation network" reflects drop off complete, whichever is later.*
>
> ……….
>
> Texas Uninsured/Underinsured Motorist Coverage (CA 21 09 10 13)
>
> A.   *Coverage*

> *1. We will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by a covered person, or property damage, caused by an accident.*
>
> *…………*
>
> F. **Additional Definitions**
>
> *5. "Uninsured motor vehicle" means a land motor vehicle or trailer of any type,*
>
> *………..*
>
> *d. Which is an underinsured motor vehicle. An underinsured motor vehicle is one to which a liability bond or policy applies at the time of the accident but its limit of liability either:*
>
> *(1) Is not enough to pay the full amount the covered person is legally entitled to recover as damages;*
>
> *…………."*

6. **The collision.** On October 16, 2015, at approximately 7:01am, Plaintiff JIMMY LEE CLAYPOOL was under the course and scope of employment for LYFT, INC., the named insured in Defendant's Insurance policy at issue. Plaintiff accepted a ride request for a passenger and was driving to pick them up. Plaintiff was driving a 2012 blue Toyota Camry passenger car northbound on US Highway 183 Service Road in Austin, Texas. On the same date and at the same time, REYES CAMACHO-BOTELLO was traveling southbound in the 7900 block of North Lamar Boulevard, in Austin, Travis County,

Texas driving a 1997 white GMC Yukon Sport Utility Vehicle, License plate number CJL1163.  As Plaintiff proceeded through the intersection of US Highway 183 and Lamar Boulevard, without caution or reason, REYES CAMACHO-BOTELLO ran a red light and collided with JIMMY LEE CLAYPOOL.  REYES CAMACHO-BOTELLO's negligence proximately caused injuries and damages to Plaintiff, JIMMY LEE CLAYPOOL.

7. **Underlying coverage:** At the time of the collision REYES CAMACHO-BOTELLO was insured by a Texas Auto liability policy which provided $30,000.00 in liability limits.  Plaintiff was further insured by a policy of his own which provided another $30,000.00 in underinsured motorist coverage.  With Defendant STEADFAST's permission, Plaintiff settled with REYES CAMACHO-BOTELLO's policy and his own policy paid the additional $30,000.00.  Plaintiff's damages far exceed the combined policy limits described herein.

8. **Injuries.** Plaintiff suffered injuries in the collision for which he is still treating.  These injuries include head injury, a right shoulder tear, spinal injuries to his neck and low back, and significant injuries to his knee.  He has undergone surgery for his back and shoulder and will likely require more extensive treatment in the future.  He has also suffered painful soft tissue injuries surrounding his neck, back and shoulder.

9. **Claims handling by Defendant:** Plaintiff provided Defendant with medical records, bills, and other documentation showing Plaintiff's losses as a result of this collision.  Nevertheless, Defendant refused, and continues to refuse, to make any reasonable settlement of Plaintiff's underinsured motorist claim.

**RELIEF SOUGHT**

10. **Benefits under the policy:** Plaintiff is entitled to the underinsured motorist benefits under the policy described above. The damages which he is legally entitled to recover from the underinsured motorist, exceed both the minimum limits policy REYES CAMACHO-BOTELLO had in effect at the time of the October 16, 2015 collision and the minimum limits UIM policy that Plaintiff personally carried. These damages are described herein.

11. **A declaration of the parties' rights.** Plaintiff also brings this action under 28 U.S.C. 2201. Plaintiff asks this Court to declare the policy benefits to which Plaintiff is entitled under the policy issued by Defendant described above. Plaintiff further asks that this Court award attorney's fees pursuant to Texas State law and 28 U.S.C. 2202.

12. **Conditions precedent:** Plaintiff has complied with all conditions precedent required of him under the Texas Insurance Code and the underinsured motorist policy with Defendant.

13. **Texas Insurance Code violations:** Defendant is in the business of insurance and is subject to the statutory requirements of Chapters 541 and 542 of the Texas Insurance Code. Defendant violated the following requirements of these statutes in its dealings with Plaintiff on this claim:

    a. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of this claim once its liability for the claim became reasonably clear;

    b. Refusing to pay this claim without conducting a reasonable investigation with respect to the claim; and

    c. Failing to provide Plaintiff with a reasonable explanation for Defendant's denial of the claim.

## DAMAGES

14. **Physical Pain:**  Plaintiff suffered injuries to his head, neck, back, hips, right shoulder, right arm and knees.  These injuries were painful and will likely continue into the future.

15. **Physical Impairment:**  Plaintiff has been unable to do many of the activities he previously enjoyed, including lawn and garden activities, sporting activities like football, basketball and fishing.  He continues to have limitations performing routine home and work-related activities like cleaning, driving, lifting, and bathing.  These activities aggravate his symptoms and cause intolerable pain and discomfort.

16. **Mental Anguish:**  Plaintiff has endured emotional pain that goes beyond mere worry, anxiety, and vexation.  The emotional aspect of Plaintiff's injuries has caused and continues to cause a substantial disruption to his life.

17. **Medical Expenses:** Plaintiff has incurred reasonable and necessary medical expenses in treating the injuries he sustained in the collision described above.  Since his medical conditions as herein described have not fully resolved, he will likely incur such expenses in the future.

18. **Loss of Wage-Earning Capacity:**  As a proximate result of Plaintiff's injuries, he has a reduced wage-earning capacity.  This loss has resulted in an actual loss of income to Plaintiff and will continue to adversely affect his earning capacity in the future.

19. **Disfigurement:** Plaintiff has suffered permanent disfigurement from the multiple surgeries he has had to endure to address the injuries he sustained in the collision described above. These painful and unseemly scars serve as a daily reminder of how Plaintiff's life has been irreparably changed by this collision.

20. **<u>Insurance Code Statutory Damages:</u>**  Because of Defendant's violation of the Texas Insurance Code as alleged above, Plaintiff is entitled to statutory damages in addition to his common law damages outlined above.  Since Plaintiff is entitled to the policy benefits under Defendant's uninsured/underinsured motorist coverage, these benefits constitute actual damages under Chapter 541 of the Code.  Plaintiff further alleges that the violations committed by Defendant were committed knowingly as that term is defined in Tex. Ins. Code §541.002.  Consequently, Plaintiff is entitled to up to three times the amount of his actual damages.  Plaintiff is also entitled to attorney's fees that were reasonable and necessary in prosecuting this claim.

## **PRAYER**

Plaintiff prays that he be awarded his just damages as plead above, attorney's fees, statutory damages under the Texas Insurance Code, interest, cost of Court and such other relief as he may show himself entitled.

**Respectfully Submitted,**

*/s/ Dan Christensen*
**DC LAW, PLLC**
Dan Christensen
SBN: 24010695
danjchristensen@gmail.com
1012 W. Anderson Ln.
Austin, Texas 78757
T: (512) 220-1800
F: (512) 220-1801
*Attorney for Plaintiff*

<u>CERTIFICATE OF SERVICE</u>

      I certify that on the 13th day of September, 2019 a true and correct copy of the foregoing document was served to each person listed below by the method indicated as provided by Tex. R. Civ. P. 21 and 21a.

                         /s/ *Daniel J. Christensen*

                         DANIEL J. CHRISTENSEN

| | |
|---|---|
| William J. Akins<br>SBN: 24011972<br>FISHERBROYLES LLP<br>100 Congress Avenue. Ste. 2000<br>Austin, Texas 78701<br>William.akins@fisherbroyles.com<br>P: (214)924-9504<br><br>Bryan D. Pollard<br>SBN: 00795592<br>FISHERBROYLES LLP<br>Highland Park Place<br>4514 Cole Avenue, Ste. 600<br>Dallas, TX 75205<br>Bryan.pollard@fisherbroyles.com<br>P: (214)984-7153<br>F: (214)279-7192<br><br>**Attorneys for Defendant Steadfast Insurance Company** | ___CERTIFIED MAIL, RETURN RECEIPT REQUESTED:<br><br>→  E-FILING AND/OR E-SERVICE<br><br>____ EMAIL TRANSFER<br><br>____ FACSIMILE TRANSFER |