IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JIMMY LEE CLAYPOOL | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:19-CV-867-RP |
| | § | |
| STEADFAST INSURANCE COMPANY | § | |
|     Defendant. | § | |

**PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION TO DISMISS**

Plaintiff, Jimmy Lee Claypool, files his response to Defendant's Rule 12(b)(6) Motion to Dismiss.

First, Defendant's motion to dismiss is without merit on its face because this court has previously held that Brainard does not require a judgment against the at-fault driver for Plaintiff to litigate coverage with a UIM carrier and that a breach of contract claim is appropriate.

Second, Defendant's motion to dismiss is largely moot. After being removed to Federal Court, Plaintiff filed a Complaint to comply with the more specific pleading requirements of Federal Court. Plaintiff's claim is now better described as a claim for benefits under the policy and as a request for declaratory judgment under 28 U.S.C. 2201. Defendant's motion to dismiss attacks only breach of contract.

Plaintiff would show as follows:

### SUMMARY

After Defendant removed this action from State to Federal court, Plaintiff filed an Original Complaint in this action to comply with the more specific pleading requirements of the Federal Courts. *Bell Atlanta Corp. v. Twombly,* 550 U.S. 544, 555 (2007), *Int'l Energy Ventures Mgmt.,*

---
Plaintiff's Response to Defendant's Motion to Dismiss      Page 1

*L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016). The factual allegations in Plaintiff's complaint are essentially the same as those plead in State Court, but the causes of action described are different. Plaintiff no longer describes his claim as a "breach of contract." Instead he simply alleges he is entitled to benefits under the underinsured motorist provisions of Defendant's policy. He also asks this Court to declare the rights of the parties under this policy pursuant to 28 U.S.C. §2201. Finally, Plaintiff alleges that in the handling of his claim, Defendant breached its duties under Chapter 541 of the Texas Insurance Code. Since Defendant's primary arguments in its motion to dismiss center around breach of contract, Defendant's motion to dismiss is largely moot, and regardless, without merit.

### ARGUMENTS AND AUTHORITY

#### *BRAINARD* DOES NOT REQUIRE A JUDGMENT AGAINST THE AT-FAULT DRIVER

"Of course, the insured is not required to obtain a judgment against the tortfeasor. *State Farm Mut. Auto. Ins. Co. v. Matlock,* 462 S.W.2d 277, 278 (Tex.1970). The insured may settle with the tortfeasor, as **Brainard** did in this case, and then litigate UIM coverage with the insurer."

*Brainard v. Trinity Universal Ins. Co.* 216 S.W.3d 809, 818 (Tex. 2006).

#### DECLARATORY JUDGMENT

This Court has acknowledged that under Texas law a declaratory judgment action is an appropriate way to plead an uninsured/underinsured motorist claim. *Green v. Allstate Fire and Casualty Ins. Co.*, 2019 W.L. 2744183 (W.D. Tex. 2019). The Court goes further and, in denying a similar motion to dismiss as Defendant's, held:

> "Thus, the prudent course at this time is to allow the Plaintiff to proceed under both the UDJA and a breach-of-contract theory while establishing the required underlying tort elements necessary for UIM coverage." *Green, at 3*.

Though the Court then ruled against Allstate on its motion to dismiss the breach of contract claim, in our case, that is no longer an issue. Plaintiff's remaining causes of action are well grounded in Texas law, and further affirmed in *Allstate Ins. Co. v. Irwin,* --- S.W.3d ---- 2019 WL 3937281 (Tex. App. – San Antonio 2019). The *Green* Court noted this case as pending when it wrote its opinion, but the case is now decided. In re-affirming the use of a declaratory judgment action in resolving an uninsured/underinsured motorist claim, the San Antonio Court went on to hold that attorney's fees were recoverable in such an action. *Green at 4*.

As Defendant notes, the allegations in Plaintiff's Complaint are taken as true. There is simply no remaining basis to sustain Defendant's motion to dismiss.

Respectfully submitted,

*/s/ Dan Christensen*
**DC LAW, PLLC**
Dan Christensen
SBN: 24010695
danjchristensen@gmail.com
1012 W. Anderson Ln.
Austin, Texas 78757
T: (512) 220-1800
F: (512) 220-1801
*Attorney for Plaintiff*

# **CERTIFICATE OF SERVICE**

I hereby certify that on the **23rd day of September 2019,** I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| William J. Akins<br>SBN: 24011972<br>FISHERBROYLES LLP<br>100 Congress Avenue. Ste. 2000<br>Austin, Texas 78701<br>William.akins@fisherbroyles.com<br>P: (214)924-9504<br><br>Bryan D. Pollard<br>SBN: 00795592<br>FISHERBROYLES LLP<br>Highland Park Place<br>4514 Cole Avenue, Ste. 600<br>Dallas, TX 75205<br>Bryan.pollard@fisherbroyles.com<br>P: (214)984-7153<br>F: (214)279-7192<br><br>**Attorneys for Defendant Steadfast Insurance Company** | ___CERTIFIED MAIL, RETURN RECEIPT REQUESTED:<br><br>→  E-FILING AND/OR E-SERVICE<br><br>____ EMAIL TRANSFER<br><br>____FACSIMILE TRANSFER |

/s/ *Daniel J. Christensen*
DANIEL J. CHRISTENSEN