IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **JIMMY LEE CLAYPOOL,** § | | |
|     **Plaintiff,** § | | |
| vs. § | | |
| § | Civil Action No. 1:19-CV-867-RP | |
| **STEADFAST INSURANCE COMPANY** § | | |
|     **Defendant.** § | | |
| § | | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR PARTIAL DISMISSAL AND MOTION TO SEVER AND ABATE PLAINTIFF'S INSURANCE CODE CLAIM (ECF NO. 11)**

Plaintiff Jimmy Lee Claypool ("Plaintiff") files this response to Defendant Steadfast Insurance Company's ("Defendant") Motion for Partial Dismissal and Motion to Sever and Abate Plaintiff's Insurance Code Claim (ECF No. 11). Defendant's motion to dismiss should be denied for the reasons set forth below:

Defendant's motion to dismiss should be denied because Plaintiff has plead Texas substantive law providing for attorney's fees and is not using solely the Uniform Declaratory Judgment Act ("UDJA") merely to pave the way to recover such fees. Plaintiff's Complaint includes a claim for violations of Chapter 541 and 542 of the Texas Insurance Code and asks the Court for relief, including attorney fees. ECF No. 9 at 5. Under the Insurance Code, a party may obtain "the amount of actual damages, plus court costs and reasonable and necessary attorney's fees." TEX. INS. CODE §541.152.

Further, Defendant's motion should be denied because its arguments are now moot in light of the recent holding in *Allstate Insurance Company v. Irwin*. In *Allstate*, the court held that a trial court's judgment awarding declaratory relief and attorney's fees in a UIM case as part of the claim

for relief under the UDJA was not an abuse of discretion. *See Allstate Insurance Company v. Irwin*, No. 04-18-00293-CV, 2019 WL 3937281 (Tex. App.—San Antonio, August 21, 2019).

## SUMMARY

After Defendant removed this case from State to Federal court, Plaintiff filed a Complaint to comply with the more specific pleading requirements of the Federal Courts. *Bell Atlanta Corp. v. Twombly*, 550 U.S. 544, 555 (2007), *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016). In his Complaint, Plaintiff alleges, *inter alia,* that Defendant breached its duties under Chapter 541 and 542 of the Texas Insurance Code in the handling of Plaintiff's UIM claim. ECF No. 9 at 5. Since Defendant's primary argument centers around the fact that "Plaintiff cites no Texas substantive law that authorizes attorney fees," Defendant's motion to dismiss is on this point is without merit and should be denied.

Further, the UDJA creates an "appropriate claim under which an insured may obtain the legal determination required to recover under his UIM policy" and the Legislature has "expressly authorized the recovery of attorney's fees for such a claim." *Irwin*, 2019 WL 3937281 at *4. Defendant's motion to dismiss is on this point is moot and should be denied.

## ARGUMENTS AND AUTHORITIES

**A. Plaintiff is Entitled to Attorney's Fees**

    1. **Plaintiff has plead Texas substantive law providing for attorney's fees**

Defendant challenges Plaintiff's claims for attorney's fees on the ground that none of his claims provide for such fees under Federal and Texas law. Specifically, Defendant argues that "Plaintiff is requesting a declaration solely of his policy benefits. He seeks a declaration of nothing else." ECF No. 11 at 2-3. Defendant is wrong; Chapters 541 and 542 of the Texas Insurance Code provide for attorney's fees in the present dispute and Plaintiff seeks declaration on this issue.

Generally, the recovery of attorney's fees is prohibited unless specifically provided by contract or statute. *MBM Fin. Corp. v. Woodlands Operating Co., L.P.*, 292 S.W.3d 660, 669 (Tex. 2009). Under federal law, the UDJA does not authorize attorney's fees alone, but a party may recover fees where controlling substantive law permits recovery. *Utica Lloyds of Tex. v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998). Under Texas substantive law, attorney's fees may be available to the insured if the insurer has violated the Texas Insurance Code.

Section 451.152 states: a plaintiff who prevails may obtain: (1) the amount of actual damages, plus court costs and reasonable and necessary attorney's fees; (2) an order enjoining the act or failure to act complained of; or (3) any other relief the court determines is proper. TEX. INS. CODE §541.152. Further, section 1952.157 states: "if the insurer is required to pay benefits … the person entitled to the benefits is entitled to recover reasonable attorney's fees, a penalty of 12 percent, and interest at the legal rate from the date those amounts became overdue." TEX. INS. CODE §541.152. Because Plaintiff has plead substantive law that provides for attorney's fees and seeks declaration of such claims, Defendant's motion is without merit and should be denied.

**2. Specifically, Plaintiff's Complaint states a claim under the Texas Insurance Code**

In his Complaint, Plaintiff alleges that there is an actual, justiciable controversy between the parties and requests that the Court adjudicate:

> Texas Insurance Code Violations: Defendant is in the business of insurance and is subject to the statutory requirements of Chapters 541 and 542 of the Texas Insurance Code. Defendant violated the following requirements of these statutes in its dealings with Plaintiff on this claim:
>
> a. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of this claim once its liability for the claim became reasonably clear;
>
> b. Refusing to pay this claim without conducting a reasonable investigation with respect to the claim; and

      c.  Failing to provide Plaintiff with a reasonable explanation for Defendant's denial of the claim.

ECF No. 9 at 5. Plaintiff's Complaint cites the statute on which he is relying and the declarations he seeks. In so pleading, Plaintiff has satisfied his obligations under Rule 8 of the Federal Rules of Civil Procedure which provides that a pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for the relief sought, which may include relief in the alternative or different types of relief. Fed. R. Civ. P. 8.

Thus, Plaintiff's Complaint is proper under the Declaratory Judgment Act, which grants every federal court the power "in a case of actual controversy within its jurisdiction . . . [to] declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. §2201(a). As the Supreme Court has clarified, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). "Whether particular facts are sufficiently immediate to establish an actual controversy is a question that must be addressed on a case-by-case basis." *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir. 2000). Because Plaintiff's Complaint states a claim under the Texas Insurance Code, and that substantive law that provides for attorney's fees, Defendant's motion is without merit and should be denied.

3. **<u>Additionally, the Court has discretionary authority to award such fees under *Irwin*</u>**

Chapter 37 of the UDJA grants the trial court discretion to award reasonable and necessary attorney's fees to either party "as are equitable and just." TEX. CIV. PRAC. & REM. CODE § 37.009. In other words, an insured can use UDJA to establish prerequisites to recovery in an UIM case and

Plaintiff's Response to Defendant's Motion to Dismiss (ECF No. 11)
4

a trial court does not abuse its discretion in awarding insured declaratory relief and attorney's fees under the UDJA. *Irwin*, 2019 WL 3937281 at *4. Thus, the use of the UDJA to declare an insured's right to UIM coverage and awards of attorney's fees under the Act are proper and Defendant's motion should be denied.

In *Allstate Insurance Company v. Irwin*, the Fourth Court of Appeals in San Antonio held that that judgment awarding attorney's fees in a UIM case as part of the claim for relief under the UDJA was not an abuse of discretion. *Id.* In that case, Irwin sued Allstate Insurance Company after a car wreck with an underinsured motorist, seeking a "declaration that he was entitled to recover damages under his UIM policy." *Id*. at *1. The jury returned a verdict for Irwin and the trial court signed a judgment awarding him the policy limit of $50,000.00, court costs, and $45,540.00 in attorney's fees. *Id.* Allstate appealed.

On appeal, the court held that because the UDJA is to be "liberally construed and administered," there is nothing preventing using it to establish the prerequisites to recover in an UM/UIM benefits case or the award of reasonable attorney's fees. *Id.* at *2-3; TEX. CIV. PRAC. & REM. CODE § 37.009. The court affirmed the trial court's judgment and held that attorney's fees are recoverable under the UDJA for UIM claims. *Id.* at *4-5. The court noted that there is "no reason why one portion of the statute—which 'is to be liberally construed and administered'— would apply to UM/UIM claims, but another would not. Id. at *4; TEX. CIV. PRAC. & REM. CODE § 37.002(b).

## **CONCLUSION**

For the reasons stated above, this Court should deny Defendant's Motion for Partial Dismissal and Motion to Sever and Abate Plaintiff's Insurance Code Claim (ECF No. 11) as without merit.

    Respectfully submitted,

*/s/ Dan Christensen*
**DC LAW, PLLC**
Dan Christensen
SBN: 24010695
danjchristensen@gmail.com
1012 W. Anderson Ln.
Austin, Texas 78757
T: (512) 220-1800
F: (512) 220-1801
*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

On October 21, 2019, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case filling (ECF) system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2) or the local rule 5(b)(2).

/s/ *Daniel J. Christensen*
DANIEL J. CHRISTENSEN

William J. Akins
SBN: 24011972
FISHER BROYLES, LLP
100 Congress Avenue. Ste. 2000
Austin, Texas 78701
William.akins@fisherbroyles.com
P: (214) 924-9504
F: (214) 279-7192

Bryan D. Pollard
SBN: 00795592
FISHER BROYLES, LLP
Highland Park Place
4514 Cole Avenue, Ste. 600
Dallas, TX 75205
Bryan.pollard@fisherbroyles.com
P: (214) 984-7153
F: (214) 279-7192

*Attorneys for Defendant Steadfast Insurance Company*