## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **JIMMY LEE CLAYPOOL,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **Case No. 1:19-CV-867-RP** |
| | § | |
| **STEADFAST INSURANCE COMPANY,** | § | |
| *Defendant* | § | |
| | § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ROBERT PITMAN**
**UNITED STATES DISTRICT JUDGE**

Before the Court are Defendant's Motion for Partial Dismissal and Motion to Sever and Abate Plaintiff's Insurance Code Claims, filed September 26, 2019 (Dkt. 11), and Plaintiff's Response, filed October 21, 2019 (Dkt. 12). Defendant did not file a reply. On May 20, 2020, the District Court referred the motion to the undersigned Magistrate Judge for report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

### I.    Background

On October 16, 2015, Plaintiff Jimmy Lee Claypool was involved in an automobile accident, on United States Highway 183 in Austin, Texas, while he was driving in the course and scope of his employment as a driver for Lyft, Inc. Claypool alleges that Reyes Camacho-Botello negligently ran a red light and crashed into Claypool's vehicle, causing him to suffer serious physical injuries and medical expenses.

At the time of the collision, Claypool was insured under a business automobile policy issued by Defendant Steadfast Insurance Company ("Steadfast") to Lyft (the "Policy"). Claypool contends that the Policy included a Texas Uninsured Motorist Endorsement providing that Steadfast would pay all sums Claypool was legally entitled to recover from an underinsured motorist that were in excess of the underinsured motorist's liability limits. Claypool alleges that his damages in the case far exceeded the policy limits of Camacho-Botello's insurance policies. Claypool alleges that Steadfast has refused to pay him the covered benefits under the Policy. On August 6, 2019, Claypool filed this lawsuit against Steadfast in state court, seeking "the contractual benefits" to which he alleges he is entitled under the Policy. *See Claypool v. Steadfast Ins. Co.*, No. D-1-GN-19-004574 (261st Dist. Ct. Travis County, Tex. Aug. 6, 2019) (Dkt. 1-1).

On September 4, 2019, Steadfast removed this case to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Dkt. 1. Shortly thereafter, Steadfast filed a motion to dismiss Claypool's Petition, arguing that because Claypool had not received a judgment against the driver or even filed suit against him, there was no basis for his claim under the Policy. Dkt. 4. In response, Claypool filed an amended complaint, in which he seeks underinsured motorist benefits under the Policy and declaratory relief under the Federal Declaratory Judgment Act ("FDJA"), 28 U.S.C. § 2201, to declare the benefits to which he is entitled to under the Policy, and also alleges violations of Texas Insurance Code Chapters 541 and 542. In addition to common law monetary damages, Claypool seeks statutory damages under the Texas Insurance Code and attorney's fees under both the FDJA and the Texas Insurance Code. Dkt. 9.

Steadfast now seeks to dismiss Claypool's claim for attorney's fees and sever and abate his claims under the Texas Insurance Code.

2

## II.    Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Id*.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555 (cleaned up). The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## III.    Analysis

### A.  Claypool's Request for Attorney's Fees

Steadfast argues that Claypool's claim for attorney's fees should be dismissed because the FDJA allows for the recovery of attorney's fees only if state substantive law authorizes such fees

but Claypool has failed to cite to such substantive Texas law. Claypool responds that Steadfast's argument is without merit because he has pled Texas substantive law in support of his fee claim.

Steadfast is correct that the FDJA "does not by itself provide statutory authority to award attorney's fees that would not otherwise be available under state law in a diversity action." *Utica Lloyd's of Texas v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998) (citation omitted). Rather, an award of attorney's fees under the FDJA is confined to two situations: (1) where attorney's fees are allowed under the American rule, and (2) where controlling substantive law permits recovery. *Id.*

Steadfast's argument is untenable because Claypool's Complaint clearly relies on Texas substantive law for the recovery of attorney's fees. As noted, Claypool seeks attorney's fees under both the FDJA and the Texas Insurance Code. Section 451.152 of the Texas Insurance Code specifically provides that a plaintiff who prevails under the statute may obtain "reasonable and necessary attorney's fees." TEX. INS. CODE ANN. § 541.152; *see also* TEX. INS. CODE ANN. § 1952.157(b) ("If the insurer is required to pay benefits described by Subsection (a), the person entitled to the benefits is entitled to recover reasonable attorney's fees . . . ."). Because Claypool relies on Texas substantive law for recovery of attorney's fees, Steadfast's motion to dismiss his claim for attorney's fees should be denied.

## B.  Steadfast's Request for Abatement

Next, Steadfast argues that the Court should abate Claypool's claims under the Texas Insurance Code pending determination of his declaratory judgment claim. Steadfast also argues that the Court should abate these claims because Claypool failed to provide notice to Steadfast before filing this lawsuit, as required under TEX. INS. CODE ANN. § 541.154(a).

Claypool does not address these arguments in his Response. Accordingly, Claypool has waived any objection to the motion to abate. *See United States v. Reagan*, 596 F.3d 251, 254 (5th Cir. 2010) (holding that failure to adequately brief an argument results in a waiver); *Black v. North*

4

*Panola School Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (finding that plaintiff's failure to defend her claim in her response to the defendant's motion to dismiss "constituted abandonment"); *Arkansas v. Wilmington Tr. Nat'l Ass'n*, No. 3:18-CV-1481-L, 2020 WL 1249570, at *5 (N.D. Tex. Mar. 16, 2020) ("Failure of a party to respond to arguments raised in a motion to dismiss constitutes waiver or abandonment of that issue at the district court level.").

Although the Court finds that these claims should be abated, severing those claims into a new cause of action is unnecessary. Accordingly, the Court recommends that the District Court address Claypool's declaratory judgment claim before addressing Claypool's claims under the Texas Insurance Code.

## IV.     Recommendation

Based on the foregoing, the undersigned **RECOMMENDS** that Defendant's Motion for Partial Dismissal and Motion to Sever and Abate (Dkt. 11) is **GRANTED IN PART AND DENIED IN PART**. The Court **RECOMMENDS** that the District Court **DENY** Defendant's Motion to Dismiss Claypool's claims for attorney's fees and Defendant's Motion to Sever. The Court **FURTHER RECOMMENDS** that the District Court **GRANT** the Motion to Abate Claypool's claims under the Texas Insurance Code until a determination has been made on Claypool's declaratory judgment claim.

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Robert Pitman.

## V.     Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written

objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on June 29, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE